POLSTON, J.,
dissenting.
I would affirm. Although the trial court’s order used extraneous language in a couple of instances regarding Oyola’s life sentence for robbery, it does not warrant reversal because it does not indicate that the trial court relied upon non-statutory aggravation. Instead, based on the entirety of the fifteen-page sentencing order, it *514 is clear that the trial court only imposed a death sentence after properly considering and weighing statutory aggravators and proposed mitigation and concluding that the three statutory aggravators outweighed the mitigation.
The language at issue in this case is most similar to the language involved in Globe v. State, 877 So.2d 663 (Fla.2004), a case this Court affirmed on appeal. Specifically, in Globe, 877 So.2d at 675, the sentencing order contained the colorful statements that “[w]ithout the death penalty, there is no deterrence. Without the death penalty, there is no punishment.” But unlike the majority in this case, this Court in Globe rejected the claim that these statements evidenced that the trial court had considered improper non-statutory aggravators. Id. at 676. This Court in Globe, 877 So.2d at 676, concluded that the trial court “was not detailing additional aggravators but was merely evaluating the facts of this case and providing support for the amount of weight given to the statutory aggravating factor.” See also Kilgore v. State, 688 So.2d 895, 897 (Fla.1996) (affirming even though the sentencing order included the language that “[t]o sentence Mr. Kilgore to anything but death would be tantamount to giving him a license to kill”); Singleton v. State, 783 So.2d 970, 979 (Fla.2001) (holding that trial court considered only the stated statutory aggrava-tors even though the sentencing order included the extraneous statements that the crime was “an unprovoked senseless killing of the mother of two children without cause, provocation, or justification” and an indication “that we are living in times worse than Sodom and Gomorrah”); Brown v. State, 473 So.2d 1260, 1265 (Fla.1985) (concluding that trial judge’s oral comment that defendant “led a parasitic existence” was “not necessarily a finding of a non-statutory aggravating circumstance”).
Accordingly, because our precedent does not require reversal when extraneous language is used and because the sentencing order as a whole reveals that the trial court relied only upon statutory aggrava-tors, I respectfully dissent.